UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MUHIEDDINE SHIPPING CO.,

           Plaintiff,

- against -

PEPSI FOOD INDIA PVT LTD. and
JDH INTERNATIONAL, LLC,

           Defendants.
------------------------------------------------------------X

JUDGE LEISURE

07 CIV 6962

RECEIVED
AUG 02 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, MUHIEDDINE SHIPPING CO. ("Plaintiff") by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, PEPSI FOOD INDIA PVT LTD. and JDH INTERNATIONAL, LLC ("Defendants"), allege, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.     At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law with an office in Tartous, Syria.

3.     Upon information and belief, Defendant PEPSI FOOD INDIA PVT LTD. was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an office in Gurgaon, India.

4.     Upon information and belief, Defendant JDH INTERNATIONAL LLC was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an office in Dubai, United Arab Emirates.

5.    At all material times Plaintiff was the Owner of the ocean going motor vessel "JKM"

6.    Pursuant to a charter party concluded on or about November 20, 2006, Plaintiff time chartered the Vessel to Defendants PEPSI FOOD INDIA PVT LTD and/or JDH INTERNATIONAL LLC for a single time charter trip for a period of about 60-70 days for the carriage of bulk cargoes. Specifically, charter party Clause 12 identified the charterers as "PEPSI FOODS and/or their nominee JDH INTERNATIONAL, DUBAI."

7.    During the course of the charter party, certain disputes arose between Plaintiff and Defendants relating to the Defendants' failure to pay hire payments to Plaintiff that were due and owing.

8.    Despite due demand, Defendants have failed and/or refused to pay Plaintiff hire payments in the principal sum of $114,937.00.

9.    As a result of Defendants' breach of the charter party, Plaintiff has sustained damages in the total principal amount of $114,937.00., exclusive of interest, attorneys fees, and arbitration costs.

10.   Pursuant to the charter party contract, all disputes between the parties are to be submitted to arbitration in the City of London with English Law to apply. Plaintiff will commence arbitration against Defendants shortly.

11.   Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration. As best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

|   |   |   |
|---|---|---|
| A. | Demurrage and costs incurred in exercising cargo lien: | $114,937.00 |
| B. | Interest for 3 years at 6.5% compounded quarterly: | $24,528.00 |

2

|   |   |   |
|---|---|---|
| C. | Attorneys' fees: | $49,000.00 |
| D. | Arbitrators' fees and arbitration costs: | $21,000.00 |

**Total**                                                                   **$209,465.00**

12. Alternatively, Defendant JDH INTERNATIONAL LLC is a receiving/paying agent of PEPSI FOOD INDIA PVT LTD such that JDH INTERNATIONAL LLC is now, or will soon be, holding assets belonging to PEPSI FOOD INDIA PVT LTD, or vice versa.

13. In the further alternative, Defendants are partners and/or joint venturers.

14. In the further alternative, Defendants are affiliated companies such that JDH INTERNATIONAL LLC is now, or will soon be, holding assets belonging to PEPSI FOOD INDIA PVT LTD, or vice versa.

15. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

16. The Plaintiff seeks an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants, to compel arbitration (if necessary) and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.  That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*

C.  That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount of **$209,465.00** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.  That this Court award Plaintiff its attorneys' fees and costs of this action; and

G.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

4

Dated: August 2, 2007
       New York, NY

> The Plaintiff,
> MUHIEDDINE SHIPPING CO.,
>
> By: *[signature]*
> Charles E. Murphy (CM 2125)
> LENNON, MURPHY & LENNON, LLC
> 420 Lexington Ave., Suite 300
> New York, NY 10170
> (212) 490-6050 – phone
> (212) 490-6070 – fax
> cem@lenmur.com

5

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Southport
County of Fairfield   )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    August 2, 2007
          Southport, CT

_____
Charles E. Murphy

c7·d